# UNITED STATES OF AMERICA *v* JEAN SABATE.

## DECIDED: OCTOBER 18TH, 1902.

1. Policy of Government of United States to protect all people therein from illegal or improper handling of the mails.
2. A letter carrier is bound to deliver letters or mail in the condition in which he received the same, without any delay or detention, save that necessarily incident to his employment.
3. Circumstantial evidence; crime rarely committed in presence of witnesses.

CRIMINAL LAW. INDICTMENT UNDER SECTION 3891 R. S. U. S. VIOLATION U. S. POSTAL LAWS.

*Robert W. Breckons,* United States District Attorney, for government.

*Correa & Creighton* and *J. M. Vivas,* for defendant.

### CHARGE TO THE JURY.

ESTEE, J. Gentlemen of the jury: The indictment in this case upon which the defendant is held to answer, contains eleven counts, to-wit:

1. That the defendant did on the second day of December, 1902, in the District of Hawaii, while employed as a letter carrier in the postoffice of the United States, in the Territory and District of Hawaii, unlawfully detain, delay and open a certain letter, which was intended to be conveyed by mail, and which came into his possession as letter carrier aforesaid, and entrusted to him for delivery to the person to whom the same was addressed, to-wit: one Mrs. Frank Elwood Blake, at Honolulu, in the District and Territory of Hawaii.

2. The second count alleges the same procedure at the same place and on the same day, in relation to a letter addressed to Miss Pinao Brickwood, at Honolulu, in the District and Territory aforesaid.

3. The third count alleges the same procedure at the same place and on the same day, in relation to a letter addressed to

Mrs. D. H. Chase, at Honolulu, in the District and Territory aforesaid.

4. The fourth count alleges the same procedure on the part of the defendant, at the same place and on the same day, in relation to a letter addressed to Mrs. Congdon, at Honolulu, in the District and Territory aforesaid.

5. The fifth count alleges the same procedure on the part of defendant, at the same place and on the same day, in relation to a letter addressed to Miss A. M. Felker, in the District and Territory of Hawaii.

6. The sixth count alleges the same procedure on the part of defendant, at the same place and on the same day, in relation to a letter addressed to Mrs. J. E. Gurney, at Honolulu, in the District and Territory aforesaid.

7. The seventh count alleges the same procedure, at the same place on the part of the defendant, but of the date of the fifteenth of October, 1901, in relation to a letter addressed to Mr. and Mrs. John Usborne, at Honolulu, in the District and Territory aforesaid.

8. The eighth count alleges the same procedure on the part of the defendant, at the same place, and of date the second day of December, 1901, in relation to a letter addressed to Mrs. E. L. Cutting, at Honolulu, in the District and Territory aforesaid.

9. The ninth count alleges the same procedure on the part of the defendant, and at the same place, but of date the twenty-fourth day of November, 1901, in relation to a letter addressed to Foster A. Davis, at Honolulu, in the District and Territory aforesaid.

10. The tenth count alleges the same procedure, at the same place, on the part of the defendant, but of date the thirtieth day of November, 1901, in relation to a letter addressed to J. W. Jones, at Honolulu, in the District and Territory aforesaid.

11. The eleventh count alleges the same procedure on the part of the defendant and at the same place, but of date the second day of December, 1902, in relation to a letter addressed

to C. A. Howard, at Honolulu, in the District and Territory of Hawaii.

It is provided by Section 3891 of the Revised Statutes in part, that—

"Any person employed in the department of the Postal Service, who shall unlawfully detain, delay or open any letter.... entrusted to him or which has come into his possession and which was intended to be conveyed by mail, or carried and delivered by any mail carrier......letter carrier or other person employed in any department of the Postal Service...... shall be punishable by a fine of not more than five hundred dollars or by imprisonment for not more than one year or by both."

It is undisputed that the defendant at the time of the alleged commission of the offenses charged in the various counts of the indictment against him, was a letter carrier in the employ of the Postal Service of the United States, at the city of Honolulu, District of Hawaii. It is the policy of the government of the United States to protect all the people therein from any improper or illegal handling of the mails. The office of a letter carrier, while it may be an inferior one in the Postal Service, as compared with some other offices of that department, is yet of the gravest importance to the people in the district where the incumbents of such office receive the mail for delivery to whom it may be addressed. Under the employment of the defendant as such letter carrier, the defendant was bound to faithfully deliver to the persons to whom it was addressed all mail matter, including letters, which were entrusted to him or which had come into his possession for delivery as such letter carrier; and he was bound to deliver such letters or mail matter in the condition in which he received the same. In other words, such letters were to be delivered intact and without any delay or detention save that necessarily incident to his employment.

You are, therefore, in considering the evidence produced in this case to bear in mind three things:

Did the defendant unlawfully detain any one or all of the letters referred to in the counts set up in the indictment against

him? Did he unlawfully delay the same or any one thereof?
Did he unlawfully open any or all of the said letters?

If you should believe from the evidence, beyond a reasonable
doubt, that the defendant did either unlawfully either detain or
delay or open any one or all of the letters referred to in the
said indictment, it will be your duty to find him guilty as
charged. But you must go through each count, considering
the evidence in relation to the charge therein, and finding the
defendant guilty or not guilty as to you may appear from the
facts as presented to you, of which facts you are the sole judges.
The law you will take from the court.

You are to remember that under the law, innocence is pre-
sumed until guilt is proven. In considering the evidence, there-
fore, you are to give the defendant the benefit of all reason-
able doubt. And by a reasonable doubt, gentlemen, is meant that
after an entire comparison and consideration of all the evidence
in the case, your minds are left in that condition in which you
cannot say that you feel an abiding conviction to a moral cer-
tainty of the truth of the charge. The burden of proof in this
class of cases is on the government. But in arriving at a ver-
dict in this case, you are not to be controlled by the number of
the witnesses who may have testified on one side or the other, but
rather by the conviction which the testimony may convey to
your minds of the truth or falsity of the charge, whether such
testimony be given by one or many witnesses. Of necessity
the facts in this case, as in most criminal cases, are largely cir-
cumstantial, but you must bear in mind that crime is rarely
committed in the presence of witnesses.

In rendering a verdict in this case, it will require the unan-
imous assent of all your members.

And in finding a verdict in this case you must find the de-
fendant guilty or not guilty, upon each and every one of the
counts of the indictment; proper forms of verdict will be given
you to take to your jury room.